# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## Second Superseding Petition for Warrant for Offender on Supervision
## [Supersedes Petition filed as Docket Entry No. 140]

Name:  Ronald Tibbs                          Docket Number: 3:22CR00291-002

Name of Current Judicial Officer:  The Honorable William L. Campbell, Jr., Chief U.S. District Judge

Date of Original Sentence: February 8, 2023

Original Offense: 18 U.S.C. § 922(g)(3) Unlawful Drug User in Possession of a Firearm

Original Sentence: 12 months' and one day custody followed by 3 years' supervised release

Revocation Date: November 25, 2024

Revocation Sentence: Time served with two years' supervised release to follow

Date of Second Revocation Sentence: May 13, 2025

Second Revocation Sentence:    Time served and to remain on previously ordered conditions

Date of Third Revocation Sentence: December 8, 2025

Third Revocation Sentence:    Time served and to remain on previously ordered conditions

Type of Supervision:  Supervised release          Date Supervision Recommenced: November 25, 2024

Assistant U.S. Attorney: Rob McGuire          Defense Attorney: Lawrence Arnkoff

---

### PETITIONING THE COURT

☐ **To Issue a Summons**
☐ **To Issue a Warrant**
☒ **To Consider Additional Violations\Information**

---

The Court Orders:
☐   No Further Action at this Time
☐   The Issuance of a Summons
☐   The Issuance of a Warrant
    ☐   Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☒   The Consideration of Additional Violations and/or Information
☐   Other

Considered, this <u>27th</u> day of January, 2026, and made part of the record in the above case.

The Honorable William L. Campbell, Jr.
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 27th day of January, 2026.

Taylor Stewart
Senior U.S. Probation Officer
Place: Nashville, TN

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as Docket Entry **140**, has been amended as follows:

   Violation No. 2 – added new noncompliance

   Compliance with Supervision Conditions and Prior Interventions – has been updated

   U.S. Probation Officer Recommendations – has been updated

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | You shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the United States Probation Office. |

   Mr. Tibbs failed to report for drug testing on the following dates:

   December 16, 2025
   December 18, 2025
   December 19, 2025
   January 6, 2026
   January 15, 2026

| 2. | **You must refrain from any unlawful use of a controlled substance.** |
|---|---|

   **On January 22, 2026, Mr. Tibbs submitted a urinalysis, which tested positive for marijuana and cocaine. He was confronted with the results and admitted to using marijuana two days prior and cocaine four days prior.**

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Tibbs was sentenced on February 8, 2023, in the Middle District of Tennessee. He began his three-year term of supervised release on February 24, 2023. On November 24, 2025, Mr. Tibbs' supervised release was revoked, and he was ordered to time served with two years of supervised release to follow. On May 3, 2025, Mr. Tibbs' supervised release was revoked, and he was ordered to continue his current supervision conditions. His term of supervised release is now set to expire on March 24, 2026. He currently resides in Nashville with his mother and is employed at Black Tie Moving in Nashville.

On December 1, 2025, Mr. Tibbs reported to the office and the probation officer addressed his failure to report for drug testing as directed. Mr. Tibbs advised his phone had been out of service. The officer inquired if Mr. Tibbs had access to his mother's phone, and Mr. Tibbs stated he did. The officer directed Mr. Tibbs to use his mother's phone when needed and to set an alarm reminding him to call the drug testing line nightly.

On December 8, 2025, Mr. Tibbs appeared before the Court for a third revocation hearing. The Court ordered Mr. Tibbs' to time served with the same supervision conditions to follow. A status hearing was set for February 12, 2026, so that the Court could track Mr. Tibbs' progress with supervision conditions.

On December 16, 2025, the probation officer called Mr. Tibbs and left him a voicemail informing him that he missed a drug screen on this date, and he must report on December 18, 2025, to drug test. The officer noted that Mr. Tibbs did call into the drug screen line and was thus aware that he needed to report. Mr. Tibbs made no effort to reschedule this drug test with the officer. Mr. Tibbs did not report on December 18, 2025, as instructed.

On the morning of December 19, 2025, the probation officer attempted to contact Mr. Tibbs to no avail. The officer sent Mr. Tibbs a text message instructing him to report first thing that morning to make up the two previously missed drug screens. Mr. Tibbs failed to report as instructed.

On January 6, 2026, Mr. Tibbs emailed the probation officer to advise that his phone was out of service. The probation officer promptly responded to the email and reminded Mr. Tibbs that he did have a drug screen on this day. Mr. Tibbs did not respond to this email or report to the office. As of January 12, 2026, Mr. Tibbs has made no effort to contact the probation officer.

**On January 16, 2026, the previous petition, Docket Entry 140, was filed, advising the Court of Mr. Tibbs' additional noncompliance. The probation officer requested a warrant, and the Court issued a warrant and the consideration of the additional information.**

On January 18, 2026, the probation officer reviewed the formal drug testing program call logs and confirmed that Mr. Tibbs has been calling into the compliance line. Mr. Tibbs was aware of his reporting instructions for January 6, and January 15, 2026.

**On January 22, 2026, Mr. Tibbs appeared before Magistrate Judge Jeffery S. Frensley for an initial appearance. Mr. Tibbs waived his rights to a detention hearing and remains in federal custody.**

## Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

**The probation officer respectfully recommends the Court consider the additional violation/information at the revocation hearing.**

### SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. RONALD TIBBS CASE NO. 3:22CR00291-002

**GRADE OF VIOLATION:**        **C**
**CRIMINAL HISTORY:**          **II**

**ORIGINAL OFFENSE DATE**:        **POST APRIL 30, 2003**        **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | **2 years** (Class C felony) *18 U.S.C. § 3583(e)(3)* | **4-10 months** *U.S.S.G. § 7C1.5* | **6 months** |
| **Supervised Release:** | **Not more than 3 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | **Not more than 3 years** *U.S.S.G § 5D1.2(a)(2)* | **No supervision to follow** |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

Under 18 U.S.C. § 3583(g)(3) if the defendant refuses to comply with drug testing imposed as a condition of supervised release; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:**
U.S.S.G. § 7C1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7C1.3(a) and (b) Upon receiving a report that the defendant is in non-compliance with a condition of supervised release, the court should conduct an individualized assessment to determine what response, if any, is appropriate. Upon a finding of a violation for which revocation is required by statute (see 18 USC 3583(g)), the court shall revoke supervised release. Upon a finding of any other violation, the court shall conduct an individualized assessment, taking into consideration the grade of violation, to

determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

Approved:

Andrea M. Testa
Supervisory U.S. Probation Officer

LF021
REV 05/01

**VIOLATION WORKSHEET SUPERVISED RELEASE**

1. **Defendant** Ronald Tibbs

2. **Docket Number** (*Year-Sequence-Defendant No.*) 3:22CR00291-002

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 2/8/2023

5. **Original District/Office** Click or tap here to enter text.
   *(if different than above)*

6. **Original Docket Number** (*Year-Sequence-Defendant No.*) Click or tap here to enter text.

7. **List each violation and determine the applicable grade** (see §7C1.1(a)):

   | Violation(s) | Grade |
   |---|---|
   | Participate in drug testing and substance abuse testing. | C |

8. **Most Serious Grade of Violation** (see §7C1.1(b)) C

9. **Criminal History Category** (see §7C1.5) II

10. **Range of Imprisonment** (see §7C1.5) 4-10 months

11. **Revocation of Supervised Release (Policy Statement Per** §7C1.4**):**

   (a) In the case of a revocation of supervised release, the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in §7C1.5 (Term of Imprisonment – Supervised Release (Policy Statement)).

   (b) Any term of imprisonment imposed upon the revocation of supervised release generally includes the imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

   (c) If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

12. **Unsatisfied Conditions of Original Sentence**

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

## VIOLATION WORKSHEET SUPERVISED RELEASE

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7C1.4):

| | | | |
|---|---|---|---|
| Restitution($) | $ | Community Confinement | Click or tap here to enter text. |
| Fine($) | $ | Home Detention | Click or tap here to enter text. |
| Other | Click or tap here to enter text. | Intermittent Confinement | Click or tap here to enter text. |

13. **Supervised Release**

If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release (see 18 U.S.C. §3583(e), §§5D1.1-1.3 §7C1.4(c)).

Term: Not more than 3 years

Period of supervised release to be served following release from imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:
Click or tap here to enter text.

15. **Official Detention Adjustment** (see §7C1.6(a) & (b)): Click or tap here to enter text. months
Click or tap here to enter text. days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002